1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7
8
9
10

CORINA KERR,

                            Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                            Defendant.

CASE NO. C10-5824BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

11
12

This matter comes before the Court on the Report and Recommendation ("R&R")

13 of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 24), Plaintiff

14 Corina Kerr's ("Kerr") objections to the R&R (Dkt. 24) and Defendant Michael J. Astrue,

15 Commissioner of Social Security's ("Commissioner") response thereto (Dkt. 26).  The

16 Court has considered the R&R, Kerr's objections, the Commissioner's response, and the

17 remaining record, and hereby adopts the R&R for the reasons stated herein.

18 **I. PROCEDURAL AND FACTUAL HISTORY**

19      This matter arises out of an overpayment of social security benefits received by

20 Kerr and the Administrative Law Judge's ("ALJ") finding that Kerr was not "without

21 fault" in receiving the overpayment.

22

1    On November 7, 2011, the magistrate judge issued an R&R (Dkt. 24) wherein it

2    was recommended that the Court affirm the ALJ's decision that: "(1) Kerr was not

3    eligible for benefits from July 2003 to January 2007; (2) she was overpaid in the amount

4    of $58,402.10; (3) she was not without fault in causing or accepting the overpayment; and

5    (4) recovery of the overpayment was not waived.  Dkt. 24 at 3.

6    On November 22, 2011, Kerr filed objections to the R&R (Dkt. 25) and on

7    December 6, 2011, the Commissioner filed a response to Kerr's objections (Dkt. 26).

8    Kerr does not object to the procedural and factual history contained in the R&R

9    and therefore, that section is hereby adopted by the Court.  *See* Dkt. 24 at 1-3.

## II. DISCUSSION

**A.    Applicable Law**

12   This Court shall make a de novo determination of those portions of the R&R to

13   which objection is made.  28 U.S.C. § 636.  The Court may accept, reject, or modify, in

14   whole or in part, the findings or recommendations made by the magistrate judge.  *Id*.

15   This Court must set aside the ALJ's decision to deny benefits if it is not supported

16   by substantial evidence or is based on a legal error.  *Magallanes v. Bowen*, 881 F.2d 747,

17   750 (9th Cir. 1989).  In determining whether the ALJ's findings are supported by

18   substantial evidence, the administrative record must be reviewed as a whole with

19   consideration of all the evidence contained therein.  *Id*.  Substantial evidence is such

20   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

21   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429

22   (9th Cir. 1985).

1    Under 42 U.S.C. § 404(b):

2    [I]n any case in which more than the correct amount of payment has been
     made, there shall be no . . . recovery by the United States from, any person
3    who is without fault if such . . . recovery would defeat the purpose of [the
     Social Security Act ("Act")] or would be against equity and good
4    conscience . . . .

5    Accordingly, the Commissioner may waive repayment if: (1) a claimant "was without

6    fault," and (2) "recovery would defeat the purpose of the Act or be contrary to equity and

7    good conscience." *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990); 20 C.F.R.

8    § 404.506(a).

9    Fault, under these circumstances, "depends upon whether the facts show that the

10   incorrect payment" was a result of:

11       (a) An incorrect statement made by the [claimant] which he knew or
         should have know to be incorrect; or
12       (b) Failure to furnish information which [the claimant] knew or
         should have known to be material; or
13       (c) With respect to the overpaid [claimant] only, acceptance of a
         payment which he either knew or could have been expected to know was
14       incorrect.

15   20 C.F.R. § 404.507.  The issue of "fault" only applies to the claimant.  *Id*.  Accordingly,

16   while the Social Security Administration ("SSA") "may have been at fault in making the

17   overpayment, that fact does not relieve the overpaid [claimant] . . . from liability for

18   repayment if [he or she] is not without fault."  *Id*.

19   For purposes of determining fault, the Commissioner considers "all pertinent

20   circumstances, including the [claimant's] age and intelligence," as well as "any physical,

21   mental, educational, or linguistic limitations" the claimant has.  20 C.F.R. §§ 404.507 &

22   404.510.  The overpaid claimant has the burden of proving whether or not he or she was

at fault for the overpayment. *Anderson*, 914 F.2d at 1122. However, if a claimant has accepted an overpayment in "reliance on erroneous information from an official source within the [SSA] with respect to the interpretation of a pertinent provision of the [Act] or regulations pertaining thereto," the claimant will not be found at fault for the overpayment. 20 C.F.R. § 404.510(b).

Recovery of an overpayment will be waived in situations where a claimant is not at fault in receiving the overpayment and such recovery would "defeat the purpose of the [Act]" or be "against equity and good conscience." 20 C.F.R. §§ 405.508 & 404.512. Defeating the purpose of the Act means depriving "a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 405.508(a). Recovery of an overpayment will be deemed against equity and good conscience if the claimant "[c]hanged his or her position for the worse . . . or relinquished a valuable right . . . because of reliance upon a notice that a payment would be made or because of the overpayment itself." 20 C.F.R. § 404.509(a)(1). However, in determining whether recovery would be "against equity and good conscience," the claimant's "financial circumstances are not material." 20 C.F.R. § 404.509(b).

**B.   Kerr's Objections**

In the R&R, the magistrate judge found that the ALJ properly concluded that Kerr was not without fault in causing or accepting the overpayment of $58,402.10 and that recovery of the overpayment was not waived. Dkt. 24. In her response to the R&R, Kerr makes two objections to the magistrate judge's recommendations and requests that the Court: (1) remand the action for consideration of materials that were delivered to the ALJ

1   by Kerr in July of 2008; and (2) conclude that the ALJ erred in finding that 20 C.F.R. §

2   404.510(b) did not apply in this case and in finding that Kerr was "at fault" in accepting

3   the overpayment.  Dkt. 25.

4         **1.**     **Letter Delivered to the ALJ**

5         Kerr maintains that the case should be remanded to the ALJ because there is no

6   evidence that he considered the letter she delivered on July 25, 2008, as they were placed

7   in her disability file, but not in her overpayment file.  Dkt. 25 at 3.  The magistrate judge

8   determined that the case need not be remanded for consideration of the letter because the

9   record contains strong evidence that Kerr was aware of the fact that she was found to be

10   no longer disabled as early as June 30, 2003, which the ALJ noted in his decision.  Dkt.

11   24 at 9.  This evidence includes: (1) the fact that Kerr never attempted to obtain a copy of

12   the adverse hearing decision; (2) the ALJ's finding that Kerr lacked credibility regarding

13   her position that she was unaware of the June 2003 hearing decision; (3) progress notes

14   from her medical provider indicating knowledge that her benefits may be terminated; and

15   (4) Kerr's admission that she was informed by her non-attorney representative as early as

16   July of 2004 that she had been denied but there was nothing in writing stating this fact.

17   *See* Dkt. 24 at 10 and the accompanying citations to the record.  The Court concludes that

18   the ALJ's decision will be upheld as the record contains substantial evidence, separate

19   from the evidence addressed by Kerr's June 2008 letter, to support the ALJ's decision

20   that Kerr knew or had reason to know that she was found to be no longer disabled in June

21   of 2003 and thus, knew or had reason to know that the payments she continued to receive

22   were incorrect.

1     **2.**    **Fault**

2         Kerr's second objection is that the ALJ erred in finding that § 404.510(b) did not

3 apply and that Kerr was not without fault in receiving the overpayment.  Dkt. 25 at 5-8.

4 Section 404.510(b) states that if a claimant has accepted an overpayment in "reliance on

5 erroneous information from an official source within the [SSA] with respect to the

6 interpretation of a pertinent provision of the [Act] or regulations pertaining thereto," the

7 claimant will not be found at fault for the overpayment.  As the magistrate judge noted in

8 the R&R, although Kerr contends that the issue of whether she had continuing eligibility

9 is a fundamental issue of the statute and regulations, the fact that the correspondence

10 stated she would continue to receive benefits did not interpret any statute or regulation or

11 even provide reference to one.  The Court concludes that the ALJ correctly found that the

12 correspondence between Kerr and the SSA did not constitute an interpretation of the Act

13 or regulations under § 404.510(b).  In addition, as the Court discussed above, separate

14 from the issues addressed in her June 2008 letter, there was substantial evidence that Kerr

15 knew or should have known that she was found to be no longer disabled in June of 2003.

16 Accordingly, the Court concludes that there is substantial evidence in the record to

17 support the ALJ's determination that Kerr was not without fault in accepting the

18 overpayment.

19         Because the Court concludes that Kerr was not without fault in receiving the

20 overpayment, waiver of recovery of the overpayment is not available.  *See* 20 C.F.R. §

21 404.506(a).

22

1

### III. ORDER

2          Therefore, it is hereby **ORDERED** that the R&R is **ADOPTED** for the reasons

3   stated herein.

4          Dated this 17th day of February, 2012.

5

6

7                                              BENJAMIN H. SETTLE
                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22